**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **ADAM HILSE,**  )<br>  )<br>    **Plaintiff,**  )<br>  )<br>v.  )<br>  )<br>**EDWIN M. GATHECHA,**  )<br>Serve at:  )<br>7925 Merrill Rd. #2211  )<br>Jacksonville, FL 32277  )<br>  )<br>    **and**  )<br>  )<br>**K.N.G. LINES, INC.,**  )<br>Serve at:  )<br>Mr. Nerijus Cepas   (Registered Agent)  )<br>10S510 Echo Ln. #12  )<br>Willowbrook, IL 60527  )<br>  )<br>    **and**  )<br>  )<br>**VYNERA TRANSPORTATION, INC.,**  )<br>Serve at:  )<br>SA Law Agents Inc. (Registered Agent)  )<br>150 N. Michigan Ave. - Ste. 3300  )<br>Chicago, IL 60601  )<br>  )<br>    **Defendants.**  ) | Cause No.<br><br>AMOUNT IN CONTROVERSY<br>EXCEEDS $75,000.00<br><br>**J U R Y   T R I A L   D E M A N D E D** |

## **COMPLAINT**

COME NOW Plaintiff Adam Hilse, by and through his attorneys David J. Gregory and Steven J. Bernstein, and for his Complaint against Defendants Edwin M. Gathecha, K.N.G. Lines, Inc. and Vynera Transportation, Inc., states as follows:

1. Plaintiff Adam Hilse ("Plaintiff" or "Hilse") is an individual and resident of the State of Missouri.

2. Defendant Edwin M. Gathecha ("Gathecha") is an individual and a resident of the State of

Florida.

3. Defendant K.N.G. Lines, Inc. ("KNG") is an Illinois corporation with its principal place of business in the State of Illinois, and engaged in the business of commercial transportation of property by truck.

4. Vynera Transportation, Inc. ("Vynera") is an Illinois corporation with its principal place of business in the State of Illinois, and engaged in the business of commercial transportation of property by truck.

5. Original jurisdiction is proper under 28 U.S.C. Sec. 1332(a), because the amount in controversy exceeds $75,000.00.

6. Original jurisdiction is proper under 28 U.S.C. Sec. 1332, because complete diversity of citizenship exists between the parties.

7. This cause of action arises out of a vehicle collision that occurred on or about June 13, 2017 at or about 11:13 p.m. in Perry County, State of Missouri, on Highway 55 at or near mile marker 126.8.

8. At said place, Highway 55 runs north and south, has two lanes plus outside paved shoulder lane, each direction of traffic separated by a positive median barrier.

9. At said time and place, road conditions were dry and clear.

10. At said time and place, non-party John L. Chimienti ("Chimienti") was driving, and otherwise operating, a certain cargo van VIN No. 1FDXE4FS2FDA12499, equipped as an ambulance as defined under the laws of the State of Missouri (the "Ambulance") northbound on Highway 55.

11. At said time and place, non-party John L. Chimienti was acting with due and proper care for his own safety and the safety of others.

12. At said time and place, Plaintiff Hilse was a passenger and EMT traveling inside the Ambulance.

13. At said time and place, Plaintiff Hilse was actively treating a patient in the rear portion of such ambulance, and otherwise acting with due and proper care for his own safety and the safety of others.

14. At said time and place, Defendant KNG was owner of a certain commercial truck, VIN No. 4V4NC9EH8DN552181 (the "Truck").

15. At said time and place, on information and belief, Defendant Vynera was lessee, subcontractor and/or agent of KNG.

16. At said time and place, on information and belief, Defendant Vynera otherwise controlled and directed business operation of the Truck.

17. At said time and place, Defendant Gathecha was driving, and otherwise operating, the Truck northbound on Highway 55.

18. At said time and place, Defendant Vynera had the right to control and direct the actions of Defendant Gathecha.

19. Alternatively, at said time and place, Defendant KNG had the right to control and direct the actions of Defendant Gathecha.

20. At said time and place, Defendant Gathecha was driving, and otherwise operating, the Truck in furtherance of the business purposes of Defendant Vynera.

21. Alternatively, at said time and place, Defendant Gathecha was driving, and otherwise operating, the Truck in furtherance of the business purposes of Defendant KNG.

22. At said time and place, the Truck's hazard lights were turned on and operating.

23. At said time and place, the Truck's turn signal were turned off and otherwise inoperable.

24. At said time and place, the Truck was pulling left, from the right shoulder onto the nearest lane of traffic of northbound Highway 55 without signaling or otherwise warning.

25. At said time and place, the drivers-side rear of the Truck swung out and violently collided with the side of the Ambulance, causing it to spin and re-collide with the drivers-side front of the Truck.

26. The rear doors of the Ambulance were flung open by force of said impact(s) and Plaintiff Hilse's body was shaken violently, ejected from the Ambulance out onto Highway 55, causing Plaintiff Hilse to strike his head and body against the Ambulance and, subsequently, the highway pavement.

27. Said collision occurred as a direct and proximate result of the negligence and carelessness of one or more Defendants in one or more of the following respects, to wit:

   a. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 383, Subpart D, Section 383.51; Subpart C, Sections 383.31-37; Subpart E, Section 383.77; and, Subpart G, Sections 383.110-113 regarding Defendant Gathecha's commercial driver's license and such violations constitute negligence per se;

   b. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 393, Subpart C, Sections 393.45, 393.47(e) and 393.53(b) regarding vehicle noncompliance, and such violations constitute negligence per se;

   c. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 392, Subpart A, Section 392.7, regarding inspection of the vehicle, and such violation constitute negligence per se;

   d. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 383 requiring possession of proper CDL, and such violation constitute negligence per se;

e. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 391 dealing with Driver Certification and Qualification, and such violation constitute negligence per se;

f. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 382 dealing with alcohol and Drug testing, and such violation constitute negligence per se;

g. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 392, Subpart A, Section 392.6 dealing with driver scheduling conforming to speed limits, and such violation constitute negligence per se;

h. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 390, Subpart A, Section 390.3(e)(2) dealing with driver instruction and compliance with FMCSRs, and such violation constitute negligence per se;

i. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 383, Subpart G, Sections 383.111 and 383.113; and Part 391, Subpart B, Section 391.11(3) dealing with drivers possession of required knowledge and skills, and such violations constitute negligence per se;

j. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 392, Subpart A, Section 392.7; and, Part 396, Sections 396.11 and 396.13 dealing with driver inspections, and such violations constitute negligence per se;

k. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 391, Subpart B, Section 391.13; and, Part 392, Subpart A, Section 392.9 dealing with driver inspections and securing cargo, and such violations constitute negligence per se;

l. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 392, Subpart B, Section 392.14 dealing with driver reduction of speed and use of extreme

   caution in hazardous conditions, and such violation constitute negligence per se;

m. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 392, Subpart A, Section 392.3 dealing with driver operation of vehicle while ill or fatigued, and such violation constitute negligence per se;

n. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 391, Subpart E, Section 391.41 dealing with driver's medical examination and certification, and such violation constitute negligence per se;

o. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 380, Subpart E, Section 380.503 dealing with driver mandated entry level training, and such violation constitute negligence per se;

p. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 380, Subpart B, Sections 380.201, 380.203 and 380.205 dealing with driver mandated training and certification, and such violations constitute negligence per se;

q. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 392, Subpart A, Section 392.9(a) dealing with Registration of the commercial motor vehicle and proper operating authority, and such violation constitute negligence per se;

r. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 395 dealing with driver compliance with hours of service, and such violation constitute negligence per se;

s. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 395, Subpart A, Sections 395.8(e) and (k) dealing with driver failure to complete, failure to preserve, and making false report of duty and retention, and such violations constitute negligence per se;

t. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396, Section 396.3(a)(1) dealing with safe and proper operating condition at all times, and such violation constitute negligence per se;

u. Failed to comply with 49 C.F.R. Subtitle B, Chapter III, Subchapter B, Part 396, Section 396.7(a) dealing with operation of the commercial vehicle in such a condition as likely to cause an accident, and such violation constitute negligence per se;

v. Failed to keep the Truck in good operating condition, including all directional lights and brakes;

w. Failed to properly train operators of the Truck in the use of directional lights and brakes;

x. Failed to properly train operators of the Truck in keeping a proper and sufficient lookout for other vehicles, including the Ambulance;

y. Failed to properly train operators of the Truck in yielding to emergency vehicles, including the Ambulance;

z. Failed to control and direct operators of the Truck to obey the laws of the State of Missouri in connection with the use of directional lights and brakes;

aa. Failed to properly train operators of the Truck in yielding to moving lanes of traffic;

bb. Failed to control and direct operators of the Truck to obey the laws of the State of Missouri in connection with yielding to emergency vehicles, including the Ambulance;

cc. Failed to control and direct operators of the Truck to obey the laws of the State of Missouri in connection with yielding to moving lanes of traffic;

dd. Failed to obey the laws of the State of Missouri in connection with the operation of directional lights and brakes;

ee. Failed to operate the truck without keeping a proper and sufficient lookout for other

vehicles, including the Ambulance;

ff. Failed to obey the laws of the State of Missouri in connection with yielding to emergency vehicles, including the Ambulance;

gg. Failed to obey the laws of the State of Missouri in connection with yielding to moving lanes of traffic;

hh. Failed to stop the Truck when danger was imminent so as to avoid striking the Ambulance;

ii. Failed to maintain proper control of the Truck at all times and specifically, at the time of the incident described hereinabove; and,

jj. Otherwise carelessly and negligently and improperly drove and operated the Truck.

28. As a direct and proximate result of the negligence of each and all Defendants as aforesaid, and the collision which resulted, Plaintiff Hilse sustained severe and permanent injuries both externally and internally, and was and will be hindered and prevented from attending to his future duties and affairs and has lost and will in the future lose value of that time. Plaintiff Hilse also suffered great pain and mental anguish of both mind and body and will in the future continue to suffer.

29. As a direct and proximate result of the carelessness and negligence of each and all Defendants, and the collision which resulted, Plaintiff Hilse has incurred medical expenses and has been caused to undergo medical treatment and will in the future be caused to undergo medical treatment in an attempt to become whole in an amount presently undetermined, but exceeding $25,000.00, has lost wages and will lose wages in the future in amounts presently undetermined, and has suffered property damage, all due to the Plaintiff Hilse's injuries.

30. Moreover, each Defendant's acts were wilful and wanton.

31. Alternatively, each Defendant's acts were in reckless disregard of rights of Plaintiff.

32. There is now due Plaintiff Hilse from each and both Defendants a sum exceeding Seventy-five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff Adam Hilse prays for judgment against Defendants Edwin M. Gathecha, K.N.G. Lines, Inc. and Vynera Transportation, Inc., in an amount in excess of Seventy-five Thousand Dollars ($75,000.00), that will fairly and reasonably compensate him for his injuries for the losses he sustained and will sustain in the future, for medical bills he has sustained and will sustain in the future, for the pain, suffering and restricted bodily movement he has sustained and will sustain in the future, punitive damages, for the costs of these proceedings and for such other and further relief as the Court deems just and equitable.

THE INJURY COUNSEL

By**: */s/ David J. Gregory***
DAVID J. GREGORY, #63651MO
STEVEN J. BERNSTEIN #59488MO
Attorneys for Plaintiff
7733 Forsyth Blvd, Ste 1100
St. Louis, Missouri 63105
(314) 727-7220
(314) 727-7230
dgregory@theinjurycounsel.com